UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Finbar McGarry,

      Plaintiff,

      v.                                     Civil Action No. 1:09-CV-128

Andrew Pallito, et al.,

      Defendants.

## REPORT AND RECOMMENDATION
(Doc. 43)

Plaintiff Finbar McGarry has filed this action against Defendant the Vermont Commissioner of Corrections, various corrections officials, and others, pursuant to 42 U.S.C. § 1983, alleging that as a pretrial detainee, his right under the Thirteenth Amendment of the United States Constitution to be free from involuntary servitude was violated by Defendants. Presently before the Court is non-party Isaac Faham's "Petition to Intervene" in McGarry's lawsuit. (Doc. 43.) For the reasons stated below, I recommend that Faham's Petition be DENIED.

**I.**     **Preliminary Statement**

One of McGarry's claims in this lawsuit is that, as a pretrial detainee, his compelled employment in a prison laundry under threat of physical restraint and legal process violated the Thirteenth Amendment. (*See* Doc. 2 at 5-8.) In *McGarry v. Pallito*, 687 F.3d 505, 511 (2d Cir. 2012), the court of appeals reversed this Court's dismissal of this claim, finding that, "[p]retrial detainees are not outside the ambit of the Thirteenth

Amendment's involuntary servitude provision." Specifically, the appellate court held that, although correctional institutions may require inmates to perform "personally related housekeeping chores" without violating the Thirteenth Amendment, requiring them to do "hard labor" violates the Thirteenth Amendment. *Id.* at 514. Further, the court held that, "a pretrial detainee's compelled work in a laundry for up to 14 hours a day for three days a week doing other inmates' laundry cannot reasonably be construed as personally related housekeeping chores." *Id.* Thus, the court concluded that, "at this stage of the proceeding, [D]efendants have not demonstrated that they are entitled to qualified immunity." *Id.*

As noted above, Isaac Faham, a Vermont inmate proceeding *pro se*, has filed a motion captioned "Petition to Intervene," wherein he seeks to intervene as a plaintiff in this litigation. (Doc. 43.) Because Faham is appearing *pro se*, the Court "read[s] his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Still, "this standard is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan Cnty.*, 499 F. Supp. 259, 262 (S.D.N.Y. 1980).

Faham alleges that he, like McGarry, was compelled to work while he was incarcerated by Defendants. (Doc. 43.) Specifically, he asserts that he worked in the prison infirmary at the Southern State Correctional Facility (SSCF) for "approximately 10-12" hours per day during a 12-month period "without a single day off." (*Id.* at 1.) He further asserts that, although he is not a "'detentioner,'" he is "under sentence" and "has been subjected to 'slave labor' at SSCF." (*Id.*)

2

## II. Intervention

The doctrines of intervention as a matter of right and permissive intervention are governed by Rule 24 of the Federal Rules of Civil Procedure. To intervene under the rule, an applicant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *R Best Produce, Inc., et al., v. Shulman-Rabin Mktg. Corp., et al.*, 467 F.3d 238, 240 (2d Cir. 2006) (quotation marks omitted). "The court considers substantially the same factors whether the claim for intervention is 'of right' under [Rule] 24(a)(2), or 'permissive' under [Rule] 24(b)(2)." *Id.* "Failure to satisfy *any one* of these [four] requirements is a sufficient ground to deny the application." *Id.* at 241 (italics in original) (quotation marks omitted).

Under Rule 24(a), which governs intervention as a matter of right, on timely motion, "the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Second Circuit has held that, for an interest to be cognizable under Rule 24(a)(2), it must be "direct, substantial, and legally protectable." *U.S. v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (quotation marks omitted). "An interest that is remote from the subject matter of

the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id.*

Under Rule 24(b), which governs permissive intervention, on timely motion, "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is wholly discretionary with the trial court. *Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 417 F. App'x 49, 51 (2d Cir. 2011); *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

Finally, Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Faham has not complied with this requirement, failing to file a complaint or any other pleading with his Petition.

## III. Analysis

As stated above, Faham seeks to intervene as a plaintiff with McGarry in this action, presumably to assert a violation of the involuntary servitude prohibition of the Thirteenth Amendment. He does not state whether he is seeking intervention as a matter of right or permissive intervention. Under either doctrine, Faham's motion fails.

First, in determining whether an applicant is entitled to intervention as a matter of right under Rule 24(a)(2), the court must consider whether the applicant is a necessary party under Rule 19. Rule 19(a)(1)(B) applies if a person "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's

4

absence may: (i) as a practical matter impair or impede the person's ability to protect that interest." Similarly, as noted above, Rule 24(a)(2) provides for intervention as a matter of right when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Given the similarities between Rules 19(a)(1)(B) and 24(a)(2), in *Mastercard International Inc. v. Visa International Service Association, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006), the Second Circuit held that, where an applicant is not a "necessary" party under Rule 19, he or she cannot satisfy the test for intervention as a matter of right under Rule 24(a)(2). Faham fails to demonstrate that he is a necessary party to McGarry's action. Specifically, Faham makes no showing that his absence from this litigation may impair or impede his ability to protect his constitutional rights or any other interest. Therefore, intervention as a matter of right should be denied. Permissive intervention should also be denied, as Faham fails to assert "a claim or defense that shares . . . a common question of law or fact" with McGarry's claim, as required under Rule 24(b). The Thirteenth Amendment of the United States Constitution provides as follows, in pertinent part: "Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States . . . ." U.S. CONST. amend. XIII, § 1 (emphasis added). Thus, by its express terms, the Thirteenth Amendment does not apply to individuals such as Faham who have been convicted of a crime. Moreover, numerous courts have held that the Constitution does not forbid a convicted inmate from being required to work. *See Ali*

5

*v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Stilner v. Rhay*, 322 F.2d 314, 315 (9th Cir. 1963); *Rolle v. Garcia*, No. 9:04-CV-0312 (LEK/GHL), 2007 WL 672679, at *8 n.79 (N.D.N.Y. Feb. 28, 2007); *Alexander v. Schenk*, 118 F. Supp. 2d 298, 302 (N.D.N.Y. 2000).[1]  Given this law, Faham – a person convicted of a crime– may be required by corrections officials to work.  Thus, he has failed to describe a "legally protectable interest" or a "claim" against Defendants.  Faham has also failed to demonstrate that his claim shares a common question of law or fact with McGarry's, especially considering that McGarry was a pretrial detainee during the relevant period, whereas Faham was an incarcerated inmate.  *See McGarry v. Pallito*, 687 F.3d at 514 (distinguishing pretrial detainees from incarcerated inmates: "It is clearly established that requiring hard labor of pretrial detainees – persons not 'duly convicted' – violates the Thirteenth Amendment.").

## IV. Conclusion

For these reasons, I recommend that Faham's Petition to Intervene (Doc. 43) be DENIED without prejudice.

---

[1] In *Jobson v. Henne*, 355 F.2d 129 (2d Cir. 1966) the court stated in a footnote that, "it would seem that the Thirteenth Amendment may be violated if a mental institution requires inmates to perform chores which have no therapeutic purpose or are not personally related, but are required to be performed solely in order to assist in the defraying of institutional costs." *Id.* at 132 n.3.  But this proposition does not apply here, as Faham is a convicted inmate, not a committed mental patient.  There is no authority holding that the Thirteenth Amendment prohibits institutions from requiring convicted inmates to work.

Dated at Burlington, in the District of Vermont, this 19th day of September, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the district court's adoption of such Report and Recommendation. *See Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).